Roberto GAMA, Plaintiff–Appellant,

v.

Carolyn W. COLVIN, Commissioner of Social Security, Defendant– Appellee.

No. 13–57007.

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2015.*

Filed Aug. 3, 2015.

Olivia Sanders, Law Offices of Olivia Sanders, Culver City, CA, for Plaintiff– Appellant.

Carolyn Beth Chen, Special Assistant U.S., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GRABER, and OWENS, Circuit Judges.

## MEMORANDUM [**]

Roberto Gama appeals the district court's judgment affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

The administrative law judge ("ALJ") properly concluded that Gama had severe impairments, but that Gama did not meet his burden of showing that his impairments, alone or in combination, equal or meet one of the listed impairments. *See Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir.1999).

However, the ALJ failed to provide specific, clear and convincing reasons for finding Gama not fully credible. *See Orn v. Astrue,* 495 F.3d 625, 635 (9th Cir.2007) (ALJ must provide "clear and convincing" reasons for discrediting a claimant absent "affirmative evidence" of malingering) (internal quotation marks omitted); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–37 (9th Cir.2007). To the extent the ALJ concluded that Gama's testimony regarding his daily activities was not credible based on a non-treating physician's report and summary of *sub rosa* videos, the ALJ erred because the doctor's report and video footage predate Gama's amended disability onset date. They also predate surgery on Gama's left shoulder and right knee, as well as Gama's treating physician's opinion that Gama's symptoms had "slightly worsened." The error was not harmless because the only remaining reason to discount Gama's credibility was a lack of objective medical evidence. *See Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir.2006). Although an ALJ may consider a "lack of medical evidence" as a factor, it "cannot form the sole basis for discounting pain testimony." *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir.2005). Thus, on the record before us, we do not sustain the negative credibility assessment.

As a result of the ALJ's adverse credibility finding, the ALJ excluded from Gama's residual functional capacity ("RFC") Gama's testimony and his treating physicians' assessment that Gama had bad days at least once a week that precluded him from leaving his home. The ALJ likewise rejected Gama's counsel's hypothetical question to the vocational expert to the extent that it rested on Gama's testimony. As a result, the ALJ's RFC determination and associated hypothetical questions posed to the vocational expert were not supported by substantial evidence in the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005).

We therefore reverse and remand to the district court with instructions to remand to the Social Security Administration for further proceedings. Because of this remand we need not reach Gama's remaining arguments on appeal. On remand, the ALJ should reassess Gama's testimony regarding his limitations caused by his pain.

Gama is awarded costs on appeal.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**AFFIRMED in part; REVERSED in part; and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.